

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6137
Re: Under the facts submitted,
should the balance in the
Interest and Sinking Fund
be kept by Wharton County
or paid into the State
Treasury?

We acknowledge receipt of your letter of recent date, reading as follows:

"Senate Bill 54, Chapter 48, of the General Laws of the 3rd Called Session of the 38th Legislature, releases to the inhabitants of Wharton County all the State General Revenue Ad Valorem taxes, for a period of 25 years subject to certain conditions all of which have been fulfilled.

"According to information furnished this department the County of Wharton issued $600,000.00 in bonds, and in accordance with the terms of the Act, set up an Interest & Sinking Fund. All excess money in the Interest & Sinking Fund was invested by the County.

"All outstanding bonds have now been paid, and there is a balance of $5,240.35 left in the Interest & Sinking Fund, which amount covers interest on the investment of the Sinking Fund, and interest paid by the County depository. You will please advise us whether the $5,240.35 should be kept by Wharton County or paid into the State Treasury."

Chapter 48, Acts of the Second Called Session of the 38 Legislature, 1923, page 102, all ad valorem state taxes levied for state purposes against the inhabitants of and property in Commissioners' Precincts Nos. 1, 2 and 4 of Matagorda County and in all

Honorable George H. Sheppard, page 2

Wharton County were released for a period of twenty-five years, subject to certain conditions all of which have been fulfilled.

Bonds of Wharton County were issued in accordance with the terms of the Act, and all excess money in the interest and sinking fund was invested by the county, and the interest was credited properly to the interest and sinking fund. Said Act contained the following proviso: "provided, however, that if the amount of taxes so collected shall be sufficient to retire said bonds and interest on same before the expiration of 25 years, then from and after the date of retirement of said bonds, the taxes shall revert to the State and be paid into the State Treasury as now provided by law."

In 1935, the 44th Legislature, at its First Called Session, passed a donation act, same being Chapter 402 of the Acts of that session. In the preamble of this Act we find the following statement: "Whereas, by reason of the decision of the Supreme Court of Texas rendered in the case of Sheppard v. Hidalgo County, 83 S. W. (2d) 649, there is a serious question as to the validity of the Act releasing the inhabitants of and property in said districts from the payment of State taxes, the Court holding in effect that the Legislature was without authority to aid calamity stricken counties by releasing the inhabitants of and property in said county from the payment of State taxes, and it now appears that the only way in which the State can aid such counties is by donating or appropriating State taxes collected in such counties. This Act donated for the remainder of the period of time for which the inhabitants of and property in said Wharton County and certain portions of Matagorda County were released from the payment of taxes, the net amount of all State ad valorem taxes levied and collected for State general purposes on all property, both real and personal, in said Wharton County and said portions of Matagorda County.

Section 5 of said Donation Act is as follows:

"That if at any time before the expiration of the period covered by this Act, the amount of taxes hereby appropriated shall be sufficient to retire said bonds and all interest due on the same, then from and after the date of the retirement of said bonds, the taxes and any balance remaining in the hands of the County Treasurer of said respective counties shall revert to the State of Texas and shall be paid into the State Treasury as now provided by law."

Section 6 of said Act is in the following language:

"The use and diversion of the moneys herein granted for any purpose other than for the payment of interest and principal of the bonds voted and issued under Chapter 48, Acts Second Called Session, Thirty-eighth Legislature is hereby prohibited and the violation of any provisions of this Act shall constitute a misapplication of public money and the person or persons so offending shall be punished as provided for in Article 86 of the Penal Code of the State of Texas."

It is our opinion that under the provisions quoted above, as well as under the Act releasing the inhabitants of and property in said district, the funds remaining in the sinking funds revert to the State of Texas and should be paid into the State Treasury.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. F. Gibson
Assistant

CFG:EP

APPROVED AUG 9 1944

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY